## TATE *vs.* CHANDLER;

1. In an action by an administrator, on a note executed to him, as such, the defendant, (the maker,) may well set off, an order, accepted by the administrator, in that capacity, and drawn in favor of the maker of the note, by a stranger.
2. Board and lodging, care and attention to a plaintiff's ward, form no ground of off-set against such plaintiff, where he sues on a note payable to him as an administrator.

David Chandler, administrator of the estate of Robert Chandler, declared in Lauderdale County Court, in debt, against Zedekiah Tate, as maker of a promissory note: which note was payable to the plaintiff, as administrator.

To the action the defendant plead *nil debet*, and set off.

In support of the set off, the defendant, on the trial, offered in evidence, an order accepted by the plaintiff, to wit—" David Chandler—pay Zedekiah Tate, fifty-four dollars, and this shall be good in a settlement with you and me, on the estate of Robert Chandler, deceased, 24th August ,1829—Vn. Kerterson." To which there was an acceptance, in the following words, "I accept the within order, on condition that there is that amount coming to him, from the estate—David Chandler." It was then proved, that the plaintiff admitted, before the commencement of the suit, that there was more than the amount of the order due to the drawer of the said order.

The Court refused to admit this evidence to go to the jury.

4 s & p.                    53

The defendant then offered, as a set off against a recovery on the note, evidence of an account for maintaining the ward of the plaintiff: but the Court rejected this testimony, also—to all which the defendant excepted: and a verdict being rendered against him, he took a writ of error.

*P. Martin,* for plaintiff in error.
*Anderson,* contra.

LIPSCOMB, C. J.—D. Chandler, administrator of Robert Chandler, brought an action against Z. Tate, on a note of hand given to him as administrator, by Tate. On the trial, the defendant, Tate, offered as a set off, an order drawn by one Kerterson, on the plaintiff, in the words following—
"DAVID CHANDLER,

"Pay Zedekiah Tate, fifty-five dollars, and this shall be good in a settlement with you and me, on the estate of Robert Chandler, deceased. 24th August, 1829." (Signed,) "VN. KERTERSON."

On which order there is an acceptance, in the following words—

"I accept the within order on condition, there is that amount coming to him from the estate."

(Signed,) "DAVID CHANDLER."

The defendant then proved an admission on the part of Chandler, before the commencement of the suit, that there was more than the amount of the order, due to the drawer.

The offset so offered, was rejected by the Court. It is probable, that in rejecting this testimony, the Court below was influenced by the decision of this

Court, in the case of *Rapier, adm'r.* vs. *Holland &* *Bruce.*[a] In that case it was holden, that a debt due from the intestate, in his life-time, could not be set-off against a note given by the defendant to the administrator, on the ground of a want of mutuality, and that the debts were contracted in different rights. And the Court said, that if such set-offs were permitted, it would greatly embarrass the settlement of estates; and especially those that were insolvent.

The law is believed to have been correctly settled in that case. We will see if its principles can sustain the judgment in the case at bar. The action in this case is founded on a note given to the administrator; but this, perhaps, is as far as the analogy in the two cases will go. The off-sett was for an amount due from the representative, as such, of the intestate; but it is not pretended to have been due in the life-time of the deceased; and the fair inference is, that it was not. It was founded on the express undertaking of the administrator, subject to but one condition, that there should be so much due from the estate; this was made out in proof, by the admissions of the administrator. The acceptance of the administrator of the order, was a giving of credit to it; there was, therefore no want of mutuality.

We believe the case is distinguishable from that of *Rapier* vs. *Holland & Bruce;* we are not informed on what account the amount was due from the estate, but it is most probable, that he was a distributee, either as an heir or a creditor, whose debt could not be fully paid, but was entitled to that amount, as his dividend. The plaintiff, it seems, was satisfied of his liability to him, to that extent; if not at the time

*Note in margin:* a Ala. Rep. 176.

of the conditional acceptance, he was so, it seems, afterwards, as it was proven that he admitted, more than the amount of the order, was due to the drawer.

There could, therefore, have been no good reason for compelling the defendant below to incur the trouble and expense of another suit, when by allowing the set-off, ample justice could be done by one, only.

We believe, therefore, that the Court erred in not allowing the order to be set-off, against the plaintiff's demand.

The other demand offered in evidence, as a set-off, is of a very different character. It was for boarding and lodging, and care and attention to the plaintiff's ward; but there was no evidence of any promise or contract, on the part of the plaintiff, to pay, nor was there any evidence, that the plaintiff held in his hands, any funds belonging to the ward. This set-off was then, it is clear, properly rejected. But the judgment must be reversed on the first point, and the cause remanded.